IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **INTERFACE, INC. et al.,** | |
| Plaintiffs, | |
| v. | 4:13-cv-46-WSD |
| **TANDUS FLOORING, INC. and TANDUS FLOORING US, LLC,** | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction [8] and Defendants' Motion to Stay Pending *Inter Partes* Review [29] ("Motion to Stay"). Also before the Court are Defendants' Motion to Exclude Opinions and Testimony of Clarke B. Nelson [27] and Plaintiffs' Motion to Exclude Opinions and Testimony of Dr. Timothy B. Jensen [37] (collectively, "Motions to Exclude").

**I.    BACKGROUND**

A.    Facts

Plaintiffs Interface, Inc., Interface Americas, Inc., InterfaceFlor LLC, and Flor, Inc. (collectively, "Plaintiffs") manufacture and sell carpet, and carpet installation services. Defendant Tandus Flooring, Inc. and Tandus Flooring US,

LLC (collectively, "Defendants") compete with Plaintiffs.

Plaintiffs invented a method for the glueless installation of carpet tiles, which they market as TacTiles and FLORDots. On February 26, 2013, the Patent and Trademark Office ("PTO") issued, to Plaintiffs, Patent No. 8,381,473 (the "Interface Patent") in connection with their glueless installation invention. The Interface Patent contains numerous independent and dependent claims, including independent claim 20:

> An installation of modular carpet tiles connected together with connectors, each connector comprising:
> a. a sheet having two sides; and
> b. a layer of adhesive located on one side of the sheet, wherein the layer of adhesive is capable of forming a bond between the sheet and the undersides of the tiles and comprises a sufficient shear strength so that, when a connector spans adjacent edges of adjacent tiles so that the layer of adhesive contacts the undersides of the adjacent tiles, the connector prevents adjacent tiles from moving relative to the connector or each other and thereby creating gaps between the adjacent tiles after installation; and
> wherein the sheet comprises material sufficiently stiff for a connector positioned partly in contact with an underside of a tile to project beyond the edge of the tile in roughly the same plane as the underside of the tile.

(Interface Patent, Compl. Ex. A [1-1] at 21.)

Defendants manufacture and sell a glueless carpet tile installation product marketed as "TandusTape." Plaintiffs' TacTiles and Defendants' TandusTape compete for the same customers.

B.     Procedural History

On February 26, 2013, Plaintiffs filed this patent infringement action against Defendants. In their Complaint, Plaintiffs allege that, by manufacturing and selling their TandusTape product, Defendants directly infringe the Interface Patent and are liable for inducement of infringement and contributory infringement of the Interface Patent. On March 19, 2013, Plaintiffs filed their Motion for Preliminary Injunction seeking an order enjoining Defendants from manufacturing and selling TandusTape.[1]

On June 7, 2013, Defendants filed a petition with the PTO seeking *inter partes* review of the validity of the Interface Patent. On June 11, 2013, Defendants filed their Motion to Stay this action pending the outcome of the PTO's review.

## II.    MOTION FOR PRELIMINARY INJUNCTION

A.     Legal Standard

Under 35 U.S.C. § 283, district courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283 (2006). In

---

[1] On June 7, 2013, Defendants filed their Motion to Exclude the opinions regarding irreparable harm offered by Plaintiffs' retained expert Clarke B. Nelson. On June 28, 2013, Plaintiffs filed their Motion to Exclude the opinions regarding validity and infringement of the Interface Patent offered by Defendants' retained expert Timothy B. Jensen.

deciding whether to grant a preliminary injunction to enjoin patent infringement, under § 283 and Rule 65(a) of the Federal Rules of Civil Procedure, the district court applies the law of the Federal Circuit.  Revision Military, Inc. v. Balboa Mfg. Co., 700 F.3d 524, 525 (Fed. Cir. 2012) (citing Hybritech Inc. v. Abbott Labs., 849 F.2d 1446, 1452 n.12 (Fed. Cir. 1988)).  Under that law, "[a] preliminary injunction is a 'drastic and extraordinary remedy that is not to be routinely granted.'"  Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd., 357 F.3d 1319, 1324 (Fed. Cir. 2004) (quoting Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir. 1993)).

   A movant's "entitlement to such an injunction is a matter largely within the discretion of the trial court" after considering whether the movant has established four factors: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1375 (Fed. Cir. 2009) (alterations in original) (quoting Winter v. NRDC, 555 U.S. 7, 20 (2008)) (citing Genentech, Inc. v. Novo Nordisk A/S, 108 F.3d 1361, 1364 (Fed. Cir. 1997)).  Although no single factor is dispositive in deciding to issue an injunction, "a movant cannot be granted a preliminary injunction unless it establishes *both* of the

first two factors, *i.e.*, likelihood of success on the merits and irreparable harm." Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001).

    B.    Analysis

To obtain a preliminary injunction, Plaintiffs have the burden to show that they are "likely to succeed on the merits" of their infringement claims. See Titan, 566 F.3d at 1375 (quoting Winter, 555 U.S. at 20); Amazon, 239 F.3d at 1350. This requires that Plaintiffs submit evidence enabling the Court to engage in a two-step analysis: "First, the court determines the scope and meaning of the patent claims asserted . . . . [Secondly,] the properly construed claims are compared to the allegedly infringing device" to determine "that every claim limitation or its equivalent be found in the accused device." Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1339 (Fed. Cir. 2003) (omission and alteration in original) (quoting Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc)) (citing Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997)).

Plaintiffs here have not offered any evidence of the "scope and meaning" of the Interface Patent but argue that "[t]he plain language of the Patent claims" shows that Defendants' TandusTape products "include each and every element of at least one claim" of the Interface Patent. (Pls.' Br. [8-2] at 13.) To support this

argument, Plaintiffs have submitted only one document, titled "Exemplary Claim Chart – 'Tandus Tape' Connectors" (the "Claim Chart"). (See generally Pls.' Ex. B [8-15].) The Claim Chart lists, in one column, the elements of claim 20 of the Interface Patent and, in a corresponding column, a purported description of TandusTape. Plaintiffs do not identify the author of the Claim Chart, and they do not identify the source of the purported descriptions of TandusTape.

"[T]o support or oppose a motion for a preliminary injunction," a party must present "[e]vidence that goes beyond the unverified allegations of the pleadings and motion papers." Charles Alan Wright et al., Federal Practice and Procedure § 2949, at 237 (3d ed. 2013). Although it may be submitted in a form "which would not be admissible evidence for a permanent injunction," the plaintiff's evidence must bear some indicia of reliability. See Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995); see also Qualls v. Rumsfeld, 357 F. Supp. 2d 274, 281 (D.D.C. 2005) ("When moving the court for a preliminary injunction, plaintiffs bear the burdens of production and persuasion. To meet these burdens, [plaintiffs] may rely on evidence that is less complete than in a trial on the merits; however, the evidence [plaintiffs] offer must be credible evidence." (internal citations and quotation marks omitted)). Affidavits, verified pleadings, and deposition testimony generally satisfy this standard. Wright et al.,

supra, § 2949, at 241–42.  Bare pleadings and attorney argument, however, are not evidence and do not satisfy the plaintiff's burden.  See id. § 2949, at 237 & n. 13; see also Qualls, 357 F. Supp. 2d at 281.

Plaintiffs' Claim Chart consists of unverified descriptions of TandusTape and attorney argument purporting to show how these descriptions correspond to the elements of claim 20 of the Interface Patent.  The Claim Chart is not accompanied by, or incorporated into, any affidavits or other evidence to establish the Claim Chart's accuracy or truthfulness.[2]  The Claim Chart is not evidence, and the Court does not consider it.[3]  Because Plaintiffs have failed to submit any evidence

---

[2] In a declaration submitted by Plaintiffs, Plaintiffs' employee Stuart Alan Jones states that he "reviewed the claim charts," and based on that review, asserts that TandusTape infringes the Interface Patent.  (See Decl. S. Jones [8-5] ¶ 36.)  Jones does not state that the Claim Chart is accurate, and he does not purport to have any knowledge of the Claim Chart's accuracy.  Yet, he purports to express his opinion that Defendants' product infringes.  This does not provide a basis for the Court to evaluate whether Plaintiffs are likely to succeed on the merits.

[3] In their opposition to the Motion for Preliminary Injunction, Defendants argue that the Claim Chart is not evidence and that Plaintiffs thus failed to show that TandusTape infringes the Interface Patent.  Defendants further introduced evidence to show that TandusTape does not meet claim 20's element requiring a "sufficiently stiff" material.  In their reply, Plaintiffs assert that, by offering evidence on the "sufficiently stiff" element, Defendants conceded that TandusTape includes all of the remaining elements of claim 20.  Plaintiffs' argument ignores the parties' different burdens.  Plaintiffs are required to submit evidence "that every claim limitation or its equivalent be found in the accused device."  See Oakley, 316 F.3d at 1339.  As discussed above, Plaintiffs failed to meet this burden.  Defendants are not required to submit evidence that their product does not

showing that TandusTape infringes the Interface Patent, Plaintiffs have not met their obligation to show they are likely to succeed on the merits of their claims. As a result, Plaintiffs' Motion for Preliminary Injunction is required to be denied. See Reebok Int'l Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1556 (Fed. Cir. 1994) (explaining that, absent a showing of likelihood of success on the merits, a preliminary injunction is properly denied without regard to any other factors).[4]

### III.   MOTION TO STAY

Defendants seek a stay of this action pending the resolution of their petition for *inter partes* review of the Interface Patent by the PTO. Defedants' petition with the PTO was filed pursuant to the Leahy-Smith America Invents Act, which authorizes the PTO to conduct an *inter partes* review of the validity of a patent, on the basis of prior art. See generally 35 U.S.C. §§ 311–319 (2006 & Supp. V 2011). If the PTO grants review and finds the patent invalid, the patent is cancelled, and any infringement litigation becomes moot. 35 U.S.C. § 311. If the PTO finds the patent valid, the challenger in the *inter partes* proceeding is estopped from

---

include all of the elements of a claim, and Defendants' decision not to submit such evidence with respect to the remaining elements of claim 20 is not a concession that TandusTape includes the remaining elements.

[4] Because the Court denies Plaintiff's Motion for Preliminary Injunction, the parties' Motions to Exclude are moot and are denied on that basis.

asserting invalidity, on the same grounds, in subsequent litigation.  35 U.S.C. § 315(e)(2).

If the defendant in an infringement action seeks *inter partes* review of the allegedly infringed patent, the district court has the discretion to stay the action pending the PTO's review.  See Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 850–49 (Fed. Cir. 2008).  Several courts have noted the benefits of staying infringement litigation in the face of *inter partes* review:

> All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;] Many discovery problems relating to prior art can be alleviated by the PTO examination[;] In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;] The outcome of the reexamination may encourage a settlement without the further use of the Court[;] The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;] Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and] The cost will likely be reduced both for the parties and the Court.

Tomco[2] Equip. Co. v. Se. Agri-Sys., Inc., 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008) (alterations in original) (quoting Datatreasury Corp. v. Wells Fargo & Co., 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006)).

Despite these benefits, there are "potential difficulties" with staying a case, including "the possible length of the [review]" and the fact that the review process "only considers the validity of the patent with regard to prior art," leaving for the

court "other infringement issues or other grounds for invalidity." Id.  In balancing the benefits and difficulties, courts consider three factors: (1) "whether discovery is complete and a trial date has been set"; (2) "whether a stay will simplify the issues in the case"; and (3) "whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant." Id. (citing Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y.1999)); accord Semiconductor Energy Lab. Co. v. Chimei Innolux Corp., No. SACV 12-21-JST, 2012 WL 7170593, at *1 (C.D. Cal. Dec. 19, 2012).

### A.   Progress of the Litigation

This case is at a relatively early stage.  A trial date has not been set.  Discovery is ongoing and is not scheduled to end until February 3, 2014.  The Court finds that the progress of the case favors the entry of a stay.  See Tomco$^2$, 542 F. Supp. 2d at 1312 (holding that a stay was appropriate where a trial date was not set, even though the case was "relatively late in discovery").

### B.   Simplification of the Issues

This case involves alleged infringement of a single patent and appears to be focused on a single claim.  A finding by the PTO that the Interface Patent is invalid may resolve this action in its entirety.  If the PTO finds the Interface Patent valid, Defendants may be precluded from pursuing their validity defenses based on prior

art, and the scope of this action likely will be greatly limited. In construing the patent, the Court also likely will be aided by the interpretation offered by the PTO. The Court finds that staying this action will result in significant simplification of issues.

### C.   Prejudice or Disadvantage to Plaintiffs

Plaintiffs argue that a stay would cause them prejudice because the delay in the proceedings would unnecessarily perpetuate Plaintiffs' alleged "irreparable harm" based on Plaintiffs' right to exclude Defendants from the marketplace for glueless carpet tile installation. Plaintiffs, however, have failed to submit any evidence that Defendants' product infringes the Interface Patent and, as a result, have not shown a substantial likelihood that they have a right to exclude Defendants. They also have not shown any alleged "harm," or the scope of any alleged "harm," based on competition offered by Defendants' products.

Plaintiffs next argue that a delay in the proceedings itself warrants denying a stay. The Court, on the facts here, disagrees. Under the statutes authorizing *inter partes* review, the PTO is required to accept or deny a petition for review within six months of its filing. See 35 U.S.C. §§ 314(b); 37 C.F.R. § 42.107(b). If the petition is granted, the PTO is required to issue its decision within one year, or, "for good cause," within 18 months. See 37 C.F.R. § 42.100(c). Any party may

then appeal the PTO's decision to the United States Court of Appeals for the Federal Circuit.  <u>See</u> 35 U.S.C. § 319 (cross-referencing 35 U.S.C. §§ 141–144).

Defendants filed their petition with the PTO on June 7, 2013.  The PTO will grant or deny the petition within six months of the filing—by early December.  If the Court grants a stay, and the PTO denies the petition, it is anticipated that the stay will last a short period—perhaps as short as a month.  The Court finds that such a delay would not prejudice Plaintiffs.

If the PTO grants the petition, the PTO's decision on the Interface Patent's validity will be issued by December 2014, or if there is "good cause" for a delay, by June 2015.  Because any decision issued by the PTO will significantly simplify the issues in this matter, either by precluding Defendants' validity defenses or limiting, if not mooting, the entire action, the Court finds that any delay that may occur while the PTO review is processed is outweighed by the benefits of awaiting PTO review.[5]

The Court concludes that a stay of this action is appropriate, and

---

[5] If a party appeals the PTO's decision, the delay will necessarily be longer.  If this action proceeds after an appeal, however, the Court will have the guidance of the Federal Circuit's review of the Interface Patent's validity and construction of the patent.  With this guidance, the parties will have the benefit of a more sure-footed decision in this matter—a benefit that greatly outweighs the delay in the proceedings.

Defendants' Motion to Stay is granted.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction [8] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Opinions and Testimony of Clarke B. Nelson [27] and Plaintiffs' Motion to Exclude Opinions and Testimony of Dr. Timothy B. Jensen [37] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Pending *Inter Partes* Review [29] is **GRANTED**, and this matter is **STAYED** until the *inter partes* review proceedings in the PTO, and all appeals, are completed.  Any party may advise the Court when the *inter partes* review proceedings in the PTO, including all appeals, are concluded so the Court may consider whether and when to lift the stay.

**SO ORDERED** this 5th day of November 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

13