IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| INTERFACE, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> TANDUS FLOORING, INC. and TANDUS FLOORING US, LLC, <br><br> Defendants. | 4:13-cv-46-WSD |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Reconsideration of the Court's Order denying their Motion for Preliminary Injunction [56].

**I.   BACKGROUND**

A.   Facts

Plaintiffs Interface, Inc., Interface Americas, Inc., InterfaceFlor LLC, and Flor, Inc. (collectively, "Plaintiffs") manufacture and sell carpet, and carpet installation services. Defendants Tandus Flooring Inc. and Tandus Flooring US, LLC ("Defendants") compete with Plaintiffs.

Plaintiffs invented a method for the glueless installation of carpet tiles, which they market as TacTiles. On February 26, 2013, the Patent and Trademark Office ("PTO") issued, to Plaintiffs, Patent No. 8,381,473 (the "Interface Patent")

in connection with their glueless installation invention. The Interface Patent contains numerous independent and dependent claims, including independent claim 20:

> An installation of modular carpet tiles connected together with connectors, each connector comprising:
> a. a sheet having two sides; and
> b. a layer of adhesive located on one side of the sheet, wherein the layer of adhesive is capable of forming a bond between the sheet and the undersides of the tiles and comprises a sufficient shear strength so that, when a connector spans adjacent edges of adjacent tiles so that the layer of adhesive contacts the undersides of the adjacent tiles, the connector prevents adjacent tiles from moving relative to the connector or each other and thereby creating gaps between the adjacent tiles after installation; and
> wherein the sheet comprises material sufficiently stiff for a connector positioned partly in contact with an underside of a tile to project beyond the edge of the tile in roughly the same plane as the underside of the tile.

(Interface Patent, Compl. Ex. A [1-1] at 21.)

Defendants manufacture and sell a glueless carpet tile installation product marketed as "TandusTape." Plaintiffs' TacTiles and Defendants' TandusTape compete for the same customers.

B.   Procedural History

On February 26, 2013, Plaintiffs filed this patent infringement action against Defendants. In their Complaint, Plaintiffs allege that, by manufacturing and selling its TandusTape product, Defendants directly infringe the Interface Patent

2

and are liable for inducement of infringement and contributory infringement of the Interface Patent.  On March 19, 2013, Plaintiffs filed their Motion for Preliminary Injunction seeking an order enjoining Defendants from manufacturing and selling TandusTape.  On November 4, 2013, the Court denied the Plaintiffs' Motion for Preliminary Injunction because Plaintiffs did not offer any evidence to show that TandusTape infringed the Interface Patent.  Plaintiffs argued, in their Motion for Preliminary Injunction, only that "[t]he plain language of the Patent claims" shows that Defendants' TandusTape products "include each and every element of at least one claim" of the Interface Patent.  To support this argument, the Plaintiffs referred to a single document, titled "Exemplary Claim Chart – 'Tandus Tape' Connectors" (the "Claim Chart").  The Court found that the Claim Chart was not evidence because the Claim Chart was not accompanied by, or incorporated into, any affidavits or other evidence to establish the Claim Chart's accuracy or truthfulness.  As a result, the Court denied the Plaintiffs' Motion for a Preliminary Injunction.

On November 22, 2013, the Plaintiffs moved the Court to reconsider its decision to deny their Motion for a Preliminary Injunction.  The Plaintiffs argue that the Court made a "clear error of fact" by "misconstrue[ing]" the purpose of the Claim Chart because the Claim Chart was "submitted as an "ai[d] to the Court, to outline the elements of an exemplary claim and to describe where in the record the

supporting evidence of infringement was located for each element of that claim." Plfs.' Mot. for Recons. at 2. The Plaintiffs claim that "the evidence on which [they] relied—including sworn declarations, sworn deposition testimony, and Tandus documentary evidence—[were] submitted as exhibits to both [their] PI Brief and Reply, and also cited in the charts." Id.

## II.  DISCUSSION

### A.  Legal Standard

A district court has discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered. See Fed. R. Civ. P. 54(b); see also Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1315 (11th Cir. 2000); McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222 (M.D. Ga. 1997). The Court does not reconsider its orders as a matter of routine practice. See LR 7.2 E, ND. Ga. A motion for reconsideration is appropriate only where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. See Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996). A motion for reconsideration should not be used to present the Court with arguments already

heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

B.  Analysis

To obtain a preliminary injunction, Plaintiffs had the burden to show that they are "likely to succeed on the merits" of their infringement claims. See Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1375 (Fed. Cir. 2009) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)). This required the Plaintiffs to submit evidence enabling the Court to engage in a two-step analysis: "First, the court determines the scope and meaning of the patent claims asserted . . . . [Secondly,] the properly construed claims are compared to the allegedly infringing device" to determine "that every claim limitation or its equivalent be found in the accused device." Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1339 (Fed. Cir. 2003) (omission and alteration in original) (quoting Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc)) (citing Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,

5

520 U.S. 17, 29 (1997)).  In the Preliminary Injunction Order, the Court found that Plaintiffs did not meet this burden because Plaintiffs, citing only the attorney-authored Claim Chart, failed to present any evidence that Defendants' products infringe the Interface Patent.

In their Motion for Reconsideration, Plaintiffs assert that the Court failed to consider certain evidence.  Specifically, Plaintiffs contend that the following declarations and depositions establish that Defendants infringed the Interface Patent:

| Evidence Supporting Likelihood of Success on the Merits of Proving Infringement: | Prior Submission to Court: |
|---|---|
| Tandus Marketing Document and User Guide | PI Brief, Ex. C (Dkt. No. 8–16, at 8-9) |
| Declaration of Stuart Jones | PI Brief, Ex. A, Tab 2 (Dkt. No. 8–5) |
| Declaration of Timothy B. Jensen, Ph.D., PE | Tandus Opposition, Ex. B (Dkt. No. 26–2) |
| Deposition Testimony of Timothy B. Jensen | Reply, Lee Decl., Ex. 1 (Dkt. No. 34-5) |
| Deposition Testimony of Paul Daniel Evans, Jr. | Reply, Lee Decl., Ex. 2 (Dkt. No. 34-6) |
| Deposition Testimony of Russell Martin Joyce | Reply, Lee Decl., Ex. 3 (Dkt. No. 34-7) |
| Deposition Testimony of James Brian Sandy | Reply, Lee Decl., Ex. 7 (Dkt. No. 34-11) |
| Vimeo Video: "Introducing TandusTape and TandusTape+ by Tandus Flooring" | Cited in Claim Charts (*See, e.g.*, Dkt. No. 8-15) |

In their Motion for Preliminary Injunction, however, Plaintiffs did not cite any of these declarations or depositions. As discussed in the Preliminary Injunction Order, Plaintiffs cited only the Claim Chart, which Plaintiffs do not now claim constitutes evidence of infringement.[1] The Plaintiffs further concede in their Motion for Reconsideration that the Claim Chart was provided "to assist the Court in *sifting* through th[e] evidence . . . showing where the evidence in the record matched each elements [sic] of one of the asserted claims." (emphasis added). Plfs.' Mot. for Recons. at 2.

The Court is not required to scour through the record for the evidence upon which the Plaintiffs relied in their Motion for Preliminary Injunction. See Magnum Towing & Recovery v. City of Toledo, 287 F. App'x 442, 449 (6th Cir. 2008) (holding that "it is not the district court's ... duty to search through the record to develop a party's claims; the litigant must direct the court to evidence in support

---

[1] In their preliminary injunction brief, Plaintiffs' entire argument as to how Defendants' product infringes consisted of a single sentence, with one citation to the Claim Chart:

> The plain language of the Patent claims makes clear that installations created with Tandus' TandusTape connectors include each and every element of at least one claim of Interface's Patent, as illustrated by the attached claim chart. See Ex. B, Infringement Claim Chart.

(Pls.' Br. Supp. Mot. Prelim. Inj. [8-2] at 13.)

7

of its arguments before the court."). The Plaintiffs' failure to properly analyze their infringement claim and cite evidence with specificity left this Court groping "'unaided for factual needles in a documentary haystack.'" Grant v. El Conquistador Partnership L.P., No. 06–1849(SEC), 2009 WL 1140261, at *2 (D. Puerto Rico Apr. 27, 2009) (quoting Sanchez–Figueroa v. Banco Popular de Puerto Rico, 527 F.3d 209, 213 (1st Cir.2008)).

The Plaintiffs seek to "'unfairly shift the burdens of litigation to the court.'" Id. The mere submission of exhibits without specifically tying those exhibits to the infringement claims raised in their Motion for Preliminary Injunction does not entitle the Plaintiffs to relief. The Plaintiffs' Motion for Preliminary Injunction failed to cite evidence with specificity, and the Court was not required to wade through Plaintiffs' exhibits, including the Claim Chart, and craft Plaintiffs' arguments for them. See Atlanta Gas Light Co. v. UGI Util., Inc., 463 F.3d 1201, 1208 n. 11 (11th Cir. 2006) ("Neither the district court nor this court has an obligation to parse a summary judgment record to search out facts or evidence not brought to the court's attention."); see also Corley v. Rosewood Care Center, Inc., 388 F.3d 990, 1001 (7th Cir. 2004) (requiring parallel citations to the record in appellate briefs and noting that "Corley has failed miserably and we will not root through the hundreds of documents and thousands of pages that make up the record

here to make his case for him."); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001) (noting that "requiring the district court to search the entire record, even though the adverse party's response does not set out the specific facts or disclose where in the record the evidence for them can be found, is unfair" to the movant, to the court, and to other litigants whose cases the court could be addressing); Adler v. Wal–Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998) (holding that "where the burden to present such specific facts by reference to exhibits and the existing record was not adequately met below, we will not reverse a district court for failing to uncover them itself.... If the rule were otherwise, the workload of the district courts would be insurmountable and summary judgment would rarely be granted."); Herman v. Chicago, 870 F.2d 400, 404 (7th Cir.1989) ("A district court need not scour the record to make the case of a party who does nothing.").

      The Plaintiffs' Motion for Reconsideration is based on Plaintiffs' revisionist history to support their current contention that the Court made a "clear error of fact." Plaintiffs failed to properly provide evidence to support their request for injunctive relief. The error committed here is the Plaintiffs' decision to not properly analyze their infringement claim and properly cite evidence with

specificity to support their Motion for Preliminary Injunction.[2]  It is inappropriate for Plaintiffs to now use a Motion for Reconsideration to "advance [the same] arguments or [present] evidence that could have previously been offered but was not."  Panduit Corp. v. Band-It-Idex, Inc., 00 C 1461, 2000 WL 96881, at *1 (N.D. Ill. July 11, 2000) (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)).  "Thus, under well-settled law, [the Plaintiffs'] "newly presented (but not newly discovered) evidence and authority may be disregarded."  Id.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration [56] is **DENIED**.

**SO ORDERED** this 22nd day of January, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] For example, even if the Court were to consider the Claims Chart, the Court will need to make the Plaintiffs' case for them because the Claims chart consists of nothing more than conclusory statements alleging infringement that are attached to images and a link to a video uploaded on https://vimeo.com.  In other words, the Plaintiffs expect the Court to advocate their legal positions on their behalf, which the Court refuses to do.